U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 4 2015
CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTHONY C. MADU, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-433-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Anthony C. Madu, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

On October 16, 2008, in Tarrant County, Texas, petitioner entered an open plea of guilty to aggravated sexual assault of a child under 14 years of age, and, after a hearing, the trial

court assessed his punishment at twenty-five years' confinement. Adm. R., Writ, 81,088-01, 79, ECF No. 8-10. Petitioner appealed his conviction and sentence, but the Second District Court of Appeals of Texas affirmed the trial court's judgment on November 25, 2009. Adm. R., Mem. Op. 3, ECF No. 8-4. Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals. Pet. 3, ECF No. 1. On February 6, 2013, petitioner filed a state habeas application, raising one or more of the claims raised in this federal petition, which was denied by the Texas Court of Criminal Appeals on April 2, 2014, without written order on the findings of the trial court. Adm. R., Writ, 81,088-01, 2, ECF No. 8-10; Writ denied notice, ECF No. 8-11. This federal petition was filed on June 2, 2014. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).[1]

## II. Issues

Petitioner, a Nigerian national, raises four grounds for relief involving the alleged failure of his trial and appellate counsel, the prosecution and/or the trial court to notify the Nigerian consulate of his arrest and provide him consulate

---

[1] State habeas applications are also deemed filed when placed in the prison mailing system, however petitioner's state application does not reflect this information. *Campbell v. State*, 320 S.W.3d 338, 339 (Tex. Crim. App. 2010).

assistance as required under the Vienna Convention and to advise him that deportation would be automatic, thereby ensuring a fair trial and a knowledgeable plea. Pet. at 6-7, ECF NO. 1.

### III. Statute of Limitations

Respondent contends the petition is untimely. Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Because petitioner's claims involve matters relevant to the original plea and sentencing proceedings, subsection (A) is applicable to this case. Under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's conviction became final and the one-year limitations period began to run upon expiration of the time that he had for filing a petition for discretionary review in the Texas Court of Criminal Appeals on Monday, December 28, 2009, and closed one year later on December 28, 2010,[2] absent any tolling. *See* Tex. R. App. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter equity. Petitioner's state habeas application filed on

---

[2]December 25, 2009, was Christmas, a federal holiday, and a Friday; thus, petitioner would have had until Monday, December 28, 2009, to file a petition for discretionary review.

4

February 6, 2013, over two years after limitations had already expired, does not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner demonstrated that tolling as a matter of equity is justified. For equitable tolling to apply a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)).

In an effort to trigger subsection (D) of the statutory-tolling provision and/or justify equitable tolling, petitioner asserts his petition is timely because it was properly filed and accepted by this court. Under Rule 3 of the Rules Governing Section 2254 Cases, however, the clerk of court "must file the petition and enter it on the docket," notwithstanding any procedural default.

Petitioner also claims he was not advised of his rights under the Vienna Convention until six years after his plea when he was so informed by another "offender." Pet. 9, ECF No. 1; Pet'r's Reply 1, ECF No. 10. Petitioner's alleged recent

5

discovery of his rights under the treaty is not a basis on which to toll the one-year limitations period. Even assuming the Vienna Convention confers on an individual the right to consular assistance following arrest, the Convention has been in effect continuously since 1969. In other words, petitioner could have discovered both the legal and factual predicate of his claims at or near the time of his trial.[3] His attorney's error or neglect is not an extraordinary circumstance warranting equitable tolling. United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002). Nor does petitioner's own ignorance or unfamiliarity with the law warrant equitable tolling. Id.

Finally, petitioner urges that he had to first exhaust his state court remedies before seeking federal habeas relief and that there is no time limitation on the filing of postconviction state applications. Pet. 3, ECF No. 1. Exhaustion of state court remedies is a requirement for all state prisoners seeking postconviction federal habeas relief under § 2254, unless there is an absence of state "corrective process" or "circumstances

---

[3]Clearly, petitioner was aware that he would be deported as a result of his guilty plea and conviction. During cross-examination of petitioner's sister, counsel stated: "You understand that for him at this point that the law requires him to be deported no matter what? Do you understand that?" Reporter's R. 45, ECF No. 8-5. Further, counsel emphasized that fact during his closing argument. Id. 67-69.

6

exist that render such process ineffective." 28 U.S.C. § 2245(b)(1). Therefore, the exhaustion requirement is not a rare or exceptional circumstance justifying equitable tolling. Nor is the fact that Texas places no time limit on the filing of a state habeas petition. On the contrary, this fact is irrelevant to the computation of the federal limitations period. *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1988).

Petitioner has not shown that he pursued his rights with "reasonable diligence" but was prevented from filing a petition within the time allowed by some extraordinary circumstance. *Holland*, 130 S. Ct. at 2565 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 326 (1996)). "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

Petitioner's federal petition was due on or before December 28, 2010. His petition, filed on June 2, 2015, is, therefore, untimely.

For the reasons discussed herein,

It is ORDERED that respondent's motion to dismiss be, and is hereby, granted and the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby,

dismissed as time-barred. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED May  4 , 2015.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE